UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEAN DOYLE et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, successor by merger to FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>    Defendant. | Case No.: 3:24-cv-12030-MGM |

**FEDERAL EXPRESS CORPORATION'S MEMORANDUM IN SUPPORT OF MOTION TO RETURN CASE TO CLERK FOR REASSIGNMENT**

`

Defendant Federal Express Corporation, successor by merger to FedEx Ground Package System, Inc., ("FedEx") seeks an order removing the related case designation from this case and directing the clerk to return it to the Eastern Division, where Plaintiffs filed it, and reassign the case under Local Rule 40.1(g).

On August 6, 2024, Plaintiffs filed this mass action in the Eastern Division on behalf of 38 Plaintiffs, indicating that it is related to *Roy v. FedEx Ground Package System, Inc.*, Case No. 3:17-v-30116-KAR (D. Mass.), which was previously pending in the Western Division. (Civil Cover Sheet and Category Form, ECF No. 1-1 & 1-2.) Counsel for Plaintiffs also filed a separate suit in this Court on behalf of 146 plaintiffs (*see Alleyne v. Federal Express Corp.*, No. 3:24-cv-12031-MGM (D. Mass.)), claiming it too is related to *Roy*. (Civil Cover Sheet and Category Form, *Alleyne*, ECF No. 1-1 & 1-2.) Plaintiffs denoted on the Civil Cover Sheet that most of the Plaintiffs reside in the Eastern Division. (*Doyle*, ECF No. 1-2, No. 7.B.) Thus, the only reason this case was transferred to the Western Division, and Magistrate Judge Robertson (to whom the parties in *Roy* consented), is because of the *Roy* relatedness designation.[1]

But, as the *Roy* court already determined when it granted FedEx's motion to decertify the FLSA collective in *Roy*, factual disparities among Plaintiffs exist to prevent a finding that this case is "related" to *Roy* under the rules of the Court.

### PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

I.  **FEDEX CONTRACTS WITH INDEPENDENT BUSINESSES IN MASSACHUSETTS TO PROVIDE PICKUP AND DELIVERY SERVICES**

FedEx is a federally-registered motor carrier that offers package pickup, delivery, and information services across the United States. Customers contract with FedEx for those services.

---

[1] The parties have since filed a notice of non-consent to magistrate judge jurisdiction (*Doyle*, ECF No. 17), and the case is currently assigned to Judge Mastroianni (*id.*, ECF No. 18).

(Decertification Order 2, *Roy*, ECF No. 408, attached as Ex. A.) FedEx, in turn, contracts with independent businesses (Service Providers) to provide pickup and delivery services between customers and FedEx's sorting stations. Plaintiffs drove for many different Service Providers over many different periods of time. (*Id.*)

Service Providers negotiate a business-to-business contract ("Agreement") with FedEx. While there are standard base agreements (which have changed over the relevant period), Service Providers still negotiate material terms, like the amount FedEx will pay for services provided (their "settlement"), the maximum volume of packages the Service Provider agrees to deliver each day, and the Agreement's duration. (*Id.*) Service Providers also decide whether to opt into brand promotion programs, in which they agree to display FedEx logos on vehicles or clothing for additional contract payments. (*Id.*) Some participate only as to clothing; others participate only as to some, but not all, of their vehicles; and some do not participate at all. (*Id.*)

## II.  SERVICE PROVIDER OWNERS DECIDE HOW TO OPERATE THEIR BUSINESSES

Service Provider owners make their own decisions about the size and structure of their business and operations. (*Id*. at 2-3 & 13.) Some Service Providers provide services in multiple states. Some provide services for other entities, like Amazon or On Trac. Some create and distribute employee handbooks. Many provide employment benefits.

Service Providers also decide how to perform the services they provide to FedEx, and make the decisions regarding their businesses, based on what makes most sense for their businesses. (*Id.*) This means they operate differently from each other with respect to employment issues, like pay methods, management and operations, benefits, and how they record compensable hours. (*Id*. at 2.)

### III. THE COURT IN *ROY* FOUND FACTUAL DISPARITIES EXIST TO PREVENT FLSA CERTIFICATION FOR DRIVERS IN MASSACHUSETTS

*Roy* was an FLSA overtime action against FedEx with plaintiffs represented by Plaintiffs' counsel here and in *Alleyne*. In *Roy*, the court conditionally certified a collective of Massachusetts Service Provider drivers on November 27, 2018, resulting in approximately 550 individuals opting into the case. (*See* Ex. A at 4.) On March 29, 2024, the court granted FedEx's motion to decertify the FLSA conditional collective, holding that "in view of the disparities in the record, [FedEx] is entitled to defend Plaintiffs' claims individually." (*Id.* at 25-26.) On April 24, 2024, pursuant to that decision, the remaining opt-ins (approximately 435 by that point) were dismissed without prejudice. (*Roy*, ECF No. 419.) All 38 Plaintiffs in this case were opt-ins in *Roy*.

In its motion to decertify in *Roy*, FedEx argued that the plaintiffs and the opt-ins had vastly different experiences working for different Service Providers, were paid differently, had different interactions with FedEx personnel, drove different types of vehicles with different weights (an issue pertinent to whether drivers were entitled to overtime at all), and worked different weekly hours. (*Roy*, ECF Nos. 347, 348.) The court agreed, finding numerous factual disparities arising from the fact that "FedEx and the [Service Providers] are distinct organizations and [Service Providers] hired and paid the drivers." (Ex. A at 13.) The court noted in particular that record evidence showed "wide disparities in pay practices":

> The named Plaintiffs were paid per stop. . . Although some discovery opt-ins testified that they were paid per hour, . . . others reported that they were paid per package. . . Some discovery opt-ins stated that they were paid a flat daily rate . . . or a flat weekly rate, . . . or a combination of those rates. . . . Some [Service Providers] paid their drivers overtime, . . . and some paid bonuses. . . . Opt-in Plaintiffs who were deposed testified that they lacked personal knowledge of other drivers' pay and the different [Service Provider] pay practices.

(Ex. A at 18-19 (citations omitted).)

3

Weights of vehicles each Plaintiff drove are relevant to whether a driver is entitled to overtime at all by virtue of the federal Motor Carrier exemption (29 U.S.C. § 213(b)(1)), which applies to drivers operating a vehicle with a Gross Vehicle Weight Rating (GVWR) of 10,001 lbs. or more. As the court in *Roy* found, this requires a particularized determination with respect to the GVWR of each vehicle each opt-in drove. (Ex. A at 20-22.) Other issues that require individualized factual determination include whether a Plaintiff's claim is time barred per the FLSA's two-year statute of limitations, or is entitled to equitable tolling. 29 U.S.C. § 255(a); *Bah v. Enter. Rent-A-Car Co. of Bos., LLC*, 699 F. Supp. 3d 133, 138 (D. Mass. 2023), *judgment entered*, No. CV 17-12542-MLW, 2024 WL 185446 (D. Mass. Jan. 17, 2024) ("[E]quitable tolling requires a court to perform an individualized fact intensive inquiry.") (internal quotation marks omitted).

## LEGAL STANDARD

Per Local Rule 40.1(g), a civil case is related to another civil case if some or all of the parties are the same <u>and</u> one or more of the following similarities exists: "(1) the cases involve the same or substantially similar issues of fact; (2) the cases arise out of the same occurrence, transaction or property; (3) the cases involve insurance coverage for the same property, transaction or occurrence." L.R. 40.1(g)(1).

There is no dispute that neither this case nor *Roy* involved insurance coverage. And this case does not satisfy either of the other two relatedness requirements.

## ARGUMENT

**I.    THIS CASE DOES NOT SHARE THE SAME OR SUBSTANTIALLY SIMILAR ISSUES OF FACT WITH *ROY***

This case, like *Alleyne*, fails the first prong of the rule because it does not involve the same or substantially similar issues of fact as *Roy*. As the court already found when decertifying

4

the *Roy* FLSA conditional collective, in addition to the plaintiffs' inability to identify any reliable common or representative evidence of an FLSA violation, wide factual disparities with respect to pay practices, hours worked, and vehicle weights prevented *Roy* from proceeding as a collective action. (*See* Ex. A at 13-18.)

Just as in *Roy*, the 38 Plaintiffs here will have factual differences with respect to Service Providers, vehicle weights, work schedules, and pay practices. This means how each Plaintiff proves their overtime claim and calculates their damages, if any, will vary. Notable, too, is that these Plaintiffs all worked over varying lengths of time and disparate periods of time. (*Compare* Am. Compl. ¶ 3, *Doyle*, ECF No. 14 (Plaintiff Doyle alleges to have driven for service providers from 2016-2021) *with* ¶ 5 (Plaintiff Robles alleges to have driven for service providers from 2014-2016) *and* ¶ 6 (Plaintiff Barry alleges to have driven for service providers from 2011-2016).)

These factual disparities prevent this case from being designated as related to *Roy* or *Alleyne*. *See, e.g.*, *Ortega v. Merck & Co.*, 648 F. Supp. 3d 293, 295 (D. Mass. 2023) (explaining how prior court had rejected defendant drug manufacturers' designation as related eight cases involving claims for neuropsychiatric injuries allegedly caused by branded or generic Singulair). In *Ortega*, the court found that, although the claims all centered around injuries caused by the same drug, key factual disparities among the plaintiffs prevented the cases from satisfying Rule 40.1(g). *Id*. Similarly here, that FedEx is a defendant in the three cases is not enough to override the factual disparities among Plaintiffs in this and the *Roy* and *Alleyne* cases.

II. **THIS CASE DOES NOT ARISE OUT OF THE SAME OCCURRENCE, TRANSACTION, OR PROPERTY AS THAT AT ISSUE IN *ROY***

This case, like *Alleyne*, also fails the second prong of the rule because this case and *Roy* do not involve the same occurrence, transaction, or property. No Plaintiff alleges they were a

5

party to any agreement with FedEx, much less the same agreement, and the fact that they all drove for, and were employed and paid by, different Service Providers in different locations over expansively different time periods is the very opposite of a single occurrence or transaction. When the facts arise from different practices, pay, working conditions and hours, vehicles driven, time periods, and locations, it simply cannot be said that these Plaintiffs' claims arose from the same transaction or occurrence.

### III.  COMMON ISSUES OF LAW DO NOT SATISFY THE RELATED-CASE STANDARD

FedEx anticipates Plaintiffs will argue, as they did in their opposition to decertification in *Roy*, that this case is related to *Roy* because they contend the question of joint employment is common across all Plaintiffs. However, Local Rule 40.1(g)(3) states that common legal issues are not sufficient to deem cases related, and the court in *Ortega* rejected the contention that the cases were related because the defendants would assert common legal defenses. 648 F. Supp. 3d at 295. Thus, even if Plaintiffs were correct that joint employment is a common question, that would not result in this case being related to *Roy* or *Alleyne*. But Plaintiffs are not correct even on this front. The factors for the joint employment test in the First Circuit are inherently individualized. *See, e.g.*, *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 675 n.9 (1st Cir. 1998).

### CONCLUSION

FedEx respectfully requests that the Court grant this motion and order that the Clerk of the Court remove the designation for this case as being related to *Roy*, return the case to the Eastern Division where Plaintiffs filed the case and indicated most Plaintiffs reside, and reassign it in accordance with Local Rule 40.1(g)(8).

Dated: November 12, 2024	Respectfully submitted,

                                              */s/ Jessica G. Scott*
Jessica G. Scott (*pro hac vice*)
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:   303.244.1800
Facsimile:   303.244.1879
scott@wtotrial.com

Michael A. Siedband (BBO #676888)
Joseph P. McHugh (*pro hac vice*)
Shanicka L. Kennedy (*pro hac vice*)
Federal Express Corporation
1000 FedEx Drive
Moon Township, PA 15108
Telephone:   412.859.5917
Telephone:   412.859.5792
Facsimile:   412.859.5413
michael.siedband@fedex.com
joseph.mchugh@fedex.com
shanicka.kennedy@fedex.com

Attorneys for Defendant Federal Express Corporation, successor by merger to FedEx Ground Package System, Inc.

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 12, 2024.

               *s/ Jessica G. Scott*